Jeff Carruth – SBT #24001846
REED & ELMQUIST, P.C.
604 Water Street
Waxahachie, TX 75165
(469) 483-0218 (direct)
(972) 923-0430 (fax)

ATTORNEYS FOR DIANE REED, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROBERT L. SMITH and EARNEST SMITH, | § | CASE NO. 05-94549-DML-7 |
| | § | (Chapter 7) |
| Debtors. | § | |
| | § | **Hearing Set:** |
| | § | **February 25, 2010, 1:30 p.m.** |

## TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE
## (MINERAL ROYALTY INTEREST)

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE BANKRUPTCY COURT, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, ON OR BEFORE TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK. A COPY MUST BE SERVED UPON COUNSEL FOR THE TRUSTEE PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE RESPONDING PARTY.

IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED MAY BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT WITHOUT CONDUCTING A HEARING.

TO THE HONORABLE D. MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

Diane Reed, the Chapter 7 trustee (the "Trustee"), by and through her counsel, files this *Trustee's Motion to Sell Property of the Estate (Mineral Royalty Interest)* (the "Sale Motion"), and respectfully shows the Court the following.

## I. Jurisdiction and Venue

1. The Court has jurisdiction to consider the relief requested herein under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II. Background

2. On June 22, 2007 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), initiating the above-referenced case with this Court. Diane Reed was appointed as Chapter 7 trustee of the Debtors' estate.

3. The Debtors' estate includes a royalty interest under an oil and gas lease which results in a .0012266200% net mineral interest in the Robbins #3 well of the Robbins Lease in Gregg County, Texas (the "Royalty Interest").

4. During the pendency of this case the Trustee has collected $14,808.67 in revenue from the Royalty Interest. The Trustee last received a check related to the Royalty Interest on or about May 31, 2007.

5. The Trustee has attempted on one or more occasions to sell the Royalty Interest, however, considering the relatively small nature of the interest and the potential issues associated with the Royalty Interest as described below, the Trustee has not identified previously a willing buyer for the Royalty Interest.

6. The operator of the lease and well underlying the Royalty Interest is Chinn Exploration Company ("Chinn"). As the operator, Chinn is responsible for the identification of persons who hold a royalty interest with respect to the Robbins #3.

7. Chinn has determined that it is possible, if not likely, that the Royalty Interest is diluted by other small royalty interests owned by relatives of the Debtors who acquired their

respective interests in the Robbins #3 through inheritance (in the same manner as the Debtors acquired their interests) and/or other parties who could potentially claim an interest in the Robbins #3. Accordingly, the possibility exists that Chinn over time has overpaid the Trustee to an unknown extent for the production from the Robbins #3 that is attributable to the Royalty Interest of the Debtors. Or, differently put, the Royalty Interest that is owned by the Debtors could be less than 0.0012266200% of the production from the Robbins #3.

8. Chinn also has reported to the Trustee that the same circumstances which have led to the possibility of a slight overpayment occurring with respect to the Royalty Interest could have led to the Debtors accumulating over time *de minimis* but so far unidentified royalty interests elsewhere in Gregg County.

9. Little additional income is expected from the Royalty Interest, especially considering the production curve of the Robbins #3 and the potential for some overpayment that has occurred to date.

10. In light of all of the foregoing, and the need to conclude the administration of this estate, the Trustee has negotiated a transaction with Chinn whereby the Trustee will convey to Chinn and/or its designee the Royalty Interest and any other mineral interests that the Debtors own or could own in Gregg County, Texas in exchange for Chinn releasing and indemnifying the Trustee and the estate from any liability for overpayments with respect to the Robbins #3.

### III. Requested Relief and Legal Authority

11. The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Courts have uniformly held that approval of a proposed sale of property under § 363(b)(1) is appropriate where the transaction is consistent with the debtor's or trustee's reasonable business judgment. *See Institutional Creditors of Continental Air Lines, Inc. v.*

*Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

12. The Trustee could have elected to abandon the Royalty Interest, but the Trustee believes that the proposed conveyance of the Royalty Interest to Chinn in exchange for the protection with respect to any potential overpayments is in the best interest of the estate.

13. Accordingly, the Trustee requests authority to sell the Royalty Interest pursuant to 11 U.S.C. § 363(b).

14. A proposed form of *Mineral and Royalty Deed* that the Trustee wishes to enter into with Chinn or its designee is attached hereto as **Exhibit A** and incorporated by reference herein.

15. The release and indemnity agreement with respect to potential royalty income overpayments will be set forth in a separate instrument.

16. A proposed form of order is attached hereto as **Exhibit B** and incorporated by reference herein.

17. No known liens, claims, or encumbrances are known to exist with respect to the Royalty Interest. However, in the event that the interest of a third party is discovered prior to the hearing on this Motion, the Trustee shall request that the sale of the Royalty Interest be conducted pursuant to 11 U.S.C. § 363(f), free and clear of all liens, claims, or encumbrances, and in such circumstances the Trustee may amend this Sale Motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an order that (1) authorizes the Trustee to proceed with the sale of the Royalty Interest and the other potential mineral interests of the Debtor in Gregg County, Texas to Chinn Exploration Company or its

designee in exchange for an indemnity and release from Chinn with respect to any royalty overpayments; (2) authorizes the Trustee to execute any documents necessary or incident to the conveyance of the Royalty Interest, other interests, and the release and indemnity; and (3) grants such other and further relief to which the Trustee may be entitled at law or in equity.

Dated: January 27, 2010

Respectfully submitted,

REED & ELMQUIST, P.C.
604 Water Street
Waxahachie, TX 75165
(469) 483-0218 (direct)
(972) 923-0430 (fax)

By: /s/ Jeff Carruth
Jeff Carruth – SBT #24001846

**ATTORNEYS FOR
DIANE REED, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

This is to certify that on January 27, 2010, the undersigned caused a true and correct copy of the foregoing pleading to be served electronically on all registered ECF users in this case, and by United States first class mail on all parties on the attached Service List.

/s/ Jeff Carruth
Jeff Carruth

| | | |
|---|---|---|
| U.S. Attorney<br>1100 Commerce, 3rd Floor<br>Dallas, TX 75242-1074 | U.S. Attorney General<br>Department of Justice<br>Washington, DC 20001 | Allied International<br>2101 Peorir Ave<br>Phoenix, AZ 85029-4934 |
| Bank First<br>1509 West 41st Street<br>Sioux Falls, SD 57105-6370 | Bombay Company<br>PO Box 97141<br>Gray, IN 37615 | Calvary Portfolio Service<br>4050 E. Cotton Center Blvd.<br>Phoenix Arizona, AZ 85040-8861 |
| Capital One<br>P.O. Box 85015<br>Richmond, VA 23285-5015 | Capital Recovery One<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Cavalry Portfolio Services, LLC<br>7 Skyline Dr., Ste 3<br>Hawthorne, NY 10532-2162 |
| CHRYSLER FINANCIAL<br>27777 INKSTER RD<br>FARMINGTON HILLS, MI 48334-5326 | Citi Financial<br>2208 Highway 121 Suite 100<br>Bedford, TX 76021-5981 | CitiFinancial Auto<br>PO Box 1472<br>Minneapolis, MN 55440 |
| Citibank -USA. N.A.<br>DBA: ZALES<br>PO Box 9025<br>Des Moines, IA 50368-0001 | Texas Comptroller of Public Accounts<br>Revenue Accounting division<br>Bankruptcy Section<br>PO Box 13528<br>Austin, TX 78711-3528 | Conseco<br>P O Box 6152<br>Rapid City, SD 57709-6152 |
| Credigy Recievibles<br>3950 Jhons Creek court<br>Suwanee, GA 30024-1296 | Credigy Services Corp.<br>P.O. Box 2689<br>Suwanee, GA 30024-0984 | Credit Systems Inc<br>1277 Country Club<br>Ft Worth, TX 76112-2304 |
| Dillards<br>PO Box 981430<br>El Paso Texas, TX 79998-1430 | DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY, OH 43054-3025 | Diversified International<br>7101 Mcewen RD STE 510<br>Farmers Branch, TX 75244 |
| ER Phisicains Arlington<br>111 E. Center Street<br>Lorena, TX 76655-9651 | FBCS<br>841 E. Huntington Park Ave.<br>Philadelphia, PA 19124-4800 | FOLEYS<br>PO BOX 66955<br>ST LOUIS, MO 63166 |
| First Premier Bank<br>601 S. Minnesota Ave.<br>Sioux Falls, SD 57104-4868 | Foleys<br>P O Box 1971<br>Houston, TX 77251-1971 | HFC<br>P.O. Box 8633<br>Elmhurst, IL 60126-8633 |
| HSBC<br>1441 Schibing Place<br>Salinas, CA 93901-4543 | HSBC-Room Store<br>PO Box 703<br>Wood Dale, IL 60191-0703 | LVNV Funding<br>PO Box 10497<br>Greenville, SC 29603-0497 |

LVNV Funding LLC.,successors&assign
assignee of Resurgent Capital LP
c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Lane Bryant
4590 E. Broad Street
Columbus Ohio, OH 43213-1301

NCO FIN-38
P O Box 13564
Philadelphia, PA 19101

OSI Collection Services, Inc.
P.O. Box 551075
Jacksonville Florida, FL 32255-1075

PREMIER BANKCARD-CHARTER
P.O. BOX 2208
VACAVILLE, CA 95696-8208

Paramount Recovery Systems
111 E. Center St.
Lorena, TX 76655-9651

Plaza Medical Center
900 N. Pearl Suite 208
Dallas Texas, TX 75201

Plaza Medical Center
PO Box 99400
Louisville, KY 40269-0400

Professional Bailsbond
58043 Court St.
Plaquemine Louisiana, LA 70764-2701

Providian
PO Box 9180
Pleasanton, CA 94566

Radiology Associates
801 W. Road to Six Flags
Arlington Texas, TX 76012-2616

Recovery Management Systems Corp.
25 SE 2nd Ave. Ste. 1120
Miami, FL 33131-1605

Sprint
PO Box 660092
Dallas, TX 75266-0092

Tarrant Emergency
PO Box 41414
Philadelphia, PA 19101-1414

Texas Medical Resources, LLP
P.O. Box 8549
Fort Worth Texas, TX 76124-0549

Triumph-Bank First
P.O. Box 89810
Sioux Falls, SD 57109-6810

United Revenue Corp.
204 Billings suite 120
Arlington Texas, TX 76010-2495

World Financial Network National Bank
Lane Bryant Retail
CO Weinstein & Riley, P.S.
2101 Fourth Ave., Suite 900
Seattle, WA 98121-2339

Zales
PO Box 689183
Des Moines, IA 50368-9183

eCAST Settlement Corporation assignee
of HSBC Bank Nevada NA - HSBC Card
Services II
POB 35480
Newark, NJ 07193-0001

David S. Kohm
David S. Kohm & Associates
1414 W. Randol Mill
Suite 118
Arlington, TX 76012-3138

Earnest Smith
2408 Glencrest Drive
Fort Worth, TX 76119-4610

Robert L. Smith
2408 Glencrest Drive
Fort Worth, TX 76119-4610

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

Chrysler Financial
P O Box 201147
Arlington, TX 76006

Comptroller of Public Accounts
Revenue Accounting Division
PO Box 13528
Austin, TX 78711

Discover
P.O. Box 15316
Wilmington, DE 19850

Internal Revenue Service
Special Procedures - Insolvency
PO Box 21126
Philadelphia, PA 19114

# MINERAL AND ROYALTY DEED

THE STATE OF TEXAS

COUNTY OF GREGG

KNOW ALL MEN BY THESE PRESENTS:

That, **Diane G. Reed, the duly appointed Chapter 7 Trustee of the bankruptcy estate of Robert L. Smith and Earnest Smith as created with respect to and through Case No. 05-94549-DML-7,** *In re Robert L. Smith and Earnest Smith*, **in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division,** hereinafter referred to as "Grantor", for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration in hand paid by **Chinn Exploration Company, 4601 McCann Road, Longview, Texas,** hereinafter called "Grantee", the receipt of which is hereby acknowledged, has granted, sold, conveyed, assigned, and delivered and by these presents does grant, sell, convey, assign and deliver unto the said Chinn Exploration Company all of the oil, gas and other minerals in and under, and that may be produced in Gregg County, Texas.

Grantor wishes to convey to Grantee all of Grantor's interests in the oil, gas and other minerals in and under all lands within Gregg County, Texas, together with the right of ingress and egress at all times for the purpose of mining, drilling, and exploring said land for oil, gas and other minerals, and removing the same therefrom.

Grantor also grants, sells, conveys, assigns and transfers to Grantee, its heirs and assigns, all of Grantor's interest in any unpaid sums attributable to the above property including but not limited to suspended runs, receivership proceeds, accrued royalties, unpaid claims from executors and /or trustees, and other payments due from periods prior to the date of this conveyance, and any production of oil, gas and other minerals from the lands covered hereby prior to the date hereof, together with any such production in storage, tanks, and pipelines, and any and all sums of money, suspended runs, or accounts of any type or character, due or owing to the Grantor by reason of any such prior production.

It is understood and agreed that all bonuses paid, rental due, and royalty due is to be paid to Grantee its heirs and assigns, to have and to hold the above described property, together with all and singular the rights and appurtenances thereto anywise belonging, unto the said Grantee herein, and Grantee's successors, its heirs, and assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warranty and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming to claim the same or any part thereof.

Diane G. Reed, the duly appointed Chapter 7 Trustee of the bankruptcy estate of Robert L. Smith and Earnest Smith as created with respect to and through Case No. 05-94549-DML-7, *In re Robert L. Smith and Earnest Smith*, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division


_____
Diane G. Reed



THE STATE OF TEXAS
COUNTY OF ELLIS

The foregoing instrument was acknowledged before me on this _____ day of _____, 2010 by Diane G. Reed.


_____
Notary Public in and for the
State of Texas

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROBERT L. SMITH and EARNEST SMITH, | § | CASE NO. 05-94549-DML-7 |
| | § | (Chapter 7) |
| Debtors. | § | |
| | § | |
| | § | |

### ORDER GRANTING TRUSTEE'S MOTION TO SELL PROPERTY
### OF THE ESTATE (MINERAL ROYALTY INTEREST)

On February 25, 2010, came on for hearing the *Trustee's Motion to Sell Property of the Estate (Mineral Royalty Interest)* (the "Sale Motion"), filed with this Court on January 27, 2010 by Diane G. Reed, Chapter 7 Trustee for the above-referenced estate (the "Trustee"). After considering the Sale Motion and finding that no objections were filed thereto, the Court finds that the proposed sale of all of the interests of the Debtors in the oil, gas and other minerals in and under all lands within Gregg County, Texas (the "Mineral Interest") for the release and indemnity described in the Motion, is in the best interest of the estate. It is therefore

ORDERED that the relief requested in the Sale Motion is in all things granted as set forth herein.

It is further ORDERED that the Trustee is hereby authorized pursuant to Bankruptcy Code § 363(b)(1) to sell the Mineral Interest to Chinn Exploration Company ("Chinn") or its designee.

It is further ORDERED that the Trustee is authorized to execute and deliver to Chinn the Mineral and Royalty Deed in the form or a substantially similar form as attached to the Sale Motion as Exhibit A as well as any assignments or other instruments necessary or incident to the conveyance of the Mineral Interest to Chinn or its designee and to memorialize the release and indemnity that Chinn shall provide with respect to any potential royalty overpayments.

It is further ORDERED that Bankruptcy Rule 6004(g) shall not apply to the sale of the Mineral Interest, accordingly this Order shall not be stayed for 10 days following entry.

### END OF ORDER ###

Order prepared by:

Jeff Carruth – SBT #24001846
REED & ELMQUIST, P.C.
604 Water Street
Waxahachie, TX 75165
(469) 483-0218 (direct)
(972) 923-0430 (fax)

ATTORNEYS FOR DIANE REED,
CHAPTER 7 TRUSTEE